IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 8:07CV386 |
| Plaintiff, | | |
| vs. | | |
| LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP | | CONSENT PROTECTIVE ORDER |
| Defendant, | | |
| and | | |
| SARAH HOMIER, | | |
| Plaintiff -Intervenor. | | |

With the consent of the parties, and it appearing that the discovery process in this action may involve the production of information that a party may contend is confidential and/or proprietary and that good cause exists for the entry of a Protective Order limiting the disclosure of such information;

IT IS ORDERED that:

1.   "Confidential Information" as used herein means all business information classified as confidential or sensitive by the producing party, whether documentary or otherwise, designated as "confidential" and delivered, produced or disclosed by any party in this action in response to an interrogatory, a request for production of documents, a deposition question or otherwise.  Business information specifically includes contracts and communications between

0808009.1

Defendant and the Metropolitan Entertainment and Convention Authority ("MECA"). "Confidential Information" specifically does not include any documents already produced by any party to this action, either as part of this action or in connection with the administrative agency proceedings that predated this action.

2. All documents produced or information provided or disclosed by any party in discovery in this action as identified in paragraph 1 shall be treated as confidential and the use or disclosure of such documents or information shall be governed by the terms of this Protective Order, provided that the party producing or otherwise disclosing such documents or information designates such documents or information as "confidential" at the time of production or disclosure or as otherwise provided herein.

3. Confidential Information, including copies or summaries thereof, shall be used only for the prosecution or defense of this action (including, but not limited to, any mediation, arbitration, or other settlement process, as well as appeals of this action) and shall not be used or employed for any other purpose whatsoever. Confidential Information shall not be disclosed or made available to anyone except:

    a. the Court and Court personnel;

    b. the parties to this action and officers, directors or employees of the parties who are actively participating in the prosecution or defense of this action;

      c.      counsel for the parties to this action and employees of said counsel;

      d.      experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

      e.      third-party witnesses or potential witnesses whom counsel reasonably deem necessary for the preparation and trial of this action; and

      f.      court reporters engaged to record depositions, hearings or trials in this action.

4.      In the event Confidential Information is disclosed to an expert, consultant, third-party witness or potential witness, such person shall be advised of the terms of the Protective Order and shall agree to maintain the confidentiality of the Confidential Information, by signing a verification in the form attached hereto as Exhibit A.  As long as Confidential Information is handled in accordance with this Order, this Order shall not be construed as prohibiting or restricting the use of Confidential Information during depositions, any hearing, the trial of this matter, or any appellate proceeding.  Similarly, no party shall be deemed to have waived any objections as to the admissibility of any Confidential Information into evidence in connection with any proceeding in this action.

5.      Before filing any information that has been designated "Confidential" with the Court, or any pleadings, motions or other papers that disclose any such

information, counsel shall confer with counsel for the party that produced the information designated "Confidential" about how it should be filed.  The parties shall comply with NECivR 5.3(a) regarding mandatory redaction and will confer with one another regarding the appropriateness of discretionary redaction under NECivR 5.3(b).

6. If any party hereto disagrees with the designation of any discovery materials as confidential, counsel shall attempt to resolve the disagreement on an informal basis.  If it is necessary to present the dispute to the Court for resolution, the material in question shall continue to be treated as confidential under the terms of this Order unless and until the Court issues a final ruling that the material is not of a confidential nature.

7. This Order shall remain in effect for the duration of this action and subsequent to its termination so as to protect the confidentiality of the Confidential Information.

8. In the absence of a final order of the Court addressing the disposition of Confidential Information upon the final conclusion of this action, the parties agree, upon request by opposing counsel, to either return or shred specific identified documents containing Confidential Information, not later than thirty (30) days following the request, and, in the event documents are shredded, to provide requesting counsel with written confirmation that such document shredding has been accomplished.

ORDERED this 15th day of April, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____

**LYLE E. STROM, Senior Judge**
**United States District Court**

CONSENTED TO:

/s/ Irv Geslewitz
Irv Geslewitz
Attorney for Defendant

/s/ Mary Kay O'Connor
Mary Kay O'Connor
Attorney for Plaintiff-Intervenor

/s/ Melvin Kennedy
Melvin Kennedy
Attorney for Plaintiff

0808009.1                           -5-

## VERIFICATION

The undersigned acknowledges that he or she has been provided with a copy of, and has read, the Consent Protective Order entered in the case entitled <u>Equal Employment Opportunity Commission vs. Levy Premium Foodservice Limited Partnership and Sarah Homier</u>, Case No. 8:07CV386, pending in the United States District Court for the District of Nebraska, and agrees to be bound by the terms of the Protective Order as it pertains to the confidentiality of certain disclosed documents by one or more of the parties.

Dated this ____ day of _____, 200__.

_____

**Exhibit "A"**