IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 8:07CV386 |
| and | ) ) | |
| SARAH HOMIER, | ) ) | |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | |
| LEVY PREMIUM FOODSERVICE, INC., d/b/a LEVY PREMIUM FOODSERVICE, LP, | ) ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

This matter is before the Court on defendant's motion for partial summary judgment (Filing No. 35). Defendant seeks summary judgment in its favor with respect to: (1) plaintiff Equal Employment Opportunity Commission's gender discrimination claims in connection with plaintiff-intervenor Sarah Homier's suspension and discharge; (2) Homier's gender discrimination claims in connection with her suspension and discharge; and (3) Homier's discrimination claim in connection with the abolishment of the position of her assistant and her receipt of a verbal warning. Having reviewed the motion, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds defendant's motion should be denied for the reasons stated in this memorandum.

**BACKGROUND**

Plaintiff-Intervenor Sarah Homier began working for Levy Premium Foodservice Limited Partnership ("Levy") as a catering sales coordinator in November 2003. In January 2005, she was promoted to the position of catering sales and marketing manager.

On October 3, 2005, Homier filed a charge of discrimination with the Omaha Human Rights and Relations Department ("OHRRD"), alleging disparate treatment based upon her sex. In her charge, she stated: "I believe that the Respondent unlawfully abolished the position of my Assistant, and unlawfully issued me a verbal warning on the basis of my sex . . . ." (Filing No. 42-2 ("Thompson Aff."), Ex. A). The OHRRD investigated the charge and issued a determination on April 27, 2007, that there was reasonable cause to believe Levy engaged in an unlawful employment practice (*Id.*, Ex. B).

On April 19, 2006, Homier filed a second charge of discrimination with the OHRRD. She checked the box indicating the charge was based on retaliation and alleged Levy retaliated against her for filing her earlier discrimination charge by suspending her. She stated:

> On April 11, 2006 I was suspended
> by the Respondent for receiving
> negative comments from a client.
> Brad Howard, Chris Pulling, and
> Scott Gustafson have received
> negative comments from clients, yet

>     have not been suspended because of
>     it.  None of these three employees
>     filed a charge of discrimination.

(*Id.*, Ex. C).  The OHRRD issued a reasonable cause determination on April 27, 2007 (*Id.*, Ex. D).

Levy terminated Homier's employment on April 13, 2006.  On July 27, 2006, Homier filed a third charge of discrimination with the OHRRD.  She again checked the box indicating the charge was based on retaliation.  She alleged Levy discharged her from her employment in retaliation for her filing discrimination charges.  She stated:

>     My performance was as satisfactory
>     as my male co-workers . . . . My
>     co-workers received average/
>     negative comments from clients on
>     evaluation/questionnaires, yet were
>     never reprimanded for it . . . . I
>     was told the reason for my
>     discharge was because I received
>     negative comments from clients on
>     questionnaires.  Brad Howard, Chris
>     Pulling, and Scott Gustafson who
>     did not file charges of
>     discrimination, also received
>     negative comments from clients on
>     evaluation/questionnaires.

(*Id.*, Ex. E).  The OHRRD issued a reasonable cause determination on April 27, 2007 (*Id.*, Ex. F).

Pursuant to a worksharing agreement between the Equal Employment Opportunity Commission ("EEOC") and the OHRRD, charges of discrimination filed with the OHRRD are deemed filed with the EEOC at the time they were filed with the OHRRD.  On July 2,

-3-

2007, the EEOC issued reasonable cause determinations on Homier's three discrimination charges.  The EEOC accorded substantial weight to the findings of the OHRRD and determined there was reasonable cause to believe a violation had occurred (Filing No. 42-3 ("Neely Aff."), Exs. D, E, F).  That same day, the EEOC sent letters along with the EEOC determinations to Levy's attorney, extending an offer to conciliate the charges (*Id.*, Exs. G, I, H).  On July 17, 2007, the EEOC sent Levy's attorney a letter indicating conciliation efforts had failed on the three charges (*Id.*, Ex. J).  The EEOC extended a second offer to conciliate and a sent a proposed conciliation agreement to Levy's attorney on August 1, 2007, but Levy's attorney declined this offer on August 7, 2007 (*Id.*, Exs. K, L).  The EEOC sent a letter on August 14, 2007, advising Levy's attorney that conciliation efforts had failed (*Id.*, Ex. M).

The EEOC filed this action on September 26, 2007 (Filing No. 1).  The EEOC filed an amended complaint on January 31, 2008, alleging Levy discriminated against Homier based on her sex by treating her less favorably than similarly situated male employees, suspending her, and discharging her (Filing No. 28).  The EEOC also alleges Levy retaliated against Homier by suspending her and discharging her for filing discrimination charges.

Homier filed a complaint in intervention on December 10, 2007, and an amended complaint in intervention on January 31, 2008 (Filing Nos. 16, 26). Homier alleges she was verbally reprimanded, not provided with adequate support staff, suspended and discharged because of her sex. She also alleges she was suspended and discharged in retaliation for her filing discrimination charges against Levy.

## STANDARD OF REVIEW

The standard of review for summary judgment motions is familiar. Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id*. at 586.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id*. at 249-50 (citations omitted).

Summary judgment motions must be carefully used in an employment discrimination case, and the Court should not make credibility determinations or weigh the evidence.  *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150, 120 S. Ct. 2097 (2000); *Smith v. St. Louis Univ*., 109 F.3d 1261, 1264 (8th Cir. 1997).

**DISCUSSION**

Levy moves for partial summary judgment, arguing: (1) the EEOC's sex discrimination claims based on Homier's suspension and discharge should be administratively barred because they go beyond the scope of Homier's charges and the EEOC's subsequent investigation and reasonable cause determinations; (2) Homier's

gender discrimination claims should be dismissed because she failed to exhaust her administrative remedies; and (3) the EEOC's and Homier's sex discrimination charges should be dismissed because they fail to alleged an adverse employment action within the meaning of Title VII.

**I.   EEOC's Sex Discrimination Claims**

In order for the EEOC to initiate a Title VII lawsuit against an employer, the following conditions precedent must be met:

> (1) filing with the Commission of a timely charge of discrimination at least 30 days before the suit is filed; (2) notice of the charge served on the Respondent; (3) an investigation of the charge; (4) a determination by the Commission that reasonable cause exists to believe that the charge is true; (5) an attempt by the EEOC to eliminate the unlawful employment practices by informal methods of conference, conciliation and persuasion; and (6) inability of the Commission to secure from the Respondent a conciliation agreement acceptable to the EEOC.

*E.E.O.C. v. American Home Products Corp.*, 165 F. Supp. 2d 886, 906 (N.D. Iowa 2001). Levy asserts that the EEOC failed to comply with the reasonable cause determination requirement with respect to its claim that Levy suspended and then discharged Homier based on her gender. Levy bases its argument on the fact that in Homier's second and third discrimination charges, she

checked only the retaliation box and did not explicitly claim she was suspended and then terminated based on her gender. Levy also asserts that the OHRRD determinations and EEOC determinations regarding the second and third discrimination charges fail to specify gender discrimination as an alleged unlawful practice for which the OHRRD and EEOC found reasonable cause.

In *Stuart v. General Motors Corp.*, the Eighth Circuit stated:

> To determine whether an allegedly discriminatory action falls within the scope of a claim, "the administrative complaint must be construed liberally" in order to further the remedial purposes of applicable legislation, i.e., to prohibit unlawful employment practices, and a plaintiff "may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge."

217 F.3d 621, 631 (8th Cir. 2000) (quoting *Nichols v. American Nat'l Insur. Co.*, 154 F.3d 875, 886-87 (8th Cir. 1998)). "The claims of employment discrimination in the complaint may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005).

In Homier's second and third discrimination charges, she mentioned the fact that her male co-workers received negative comments and marks similar to the comments she received; yet,

-8-

these co-workers were not suspended nor discharged (Thompson Aff., Ex. C, E). Also, Gail Kinsey Thompson, Director of OHRRD, submitted an affidavit, testifying that the OHRRD investigated Homier's second and third discrimination charges as allegations of disparate treatment based on sex and retaliation. The OHRRD found "there was reasonable cause to believe that Respondent had engaged in an unlawful practice" (*Id*. ¶¶ 5, 7). The determinations the OHRRD issued for Homier's second and third discrimination charges each noted that Homier alleged her three male co-workers received similar marks and comments to Homier, but they were not suspended or discharged (*Id*., Exs. D, F).

The Court finds the EEOC met the conditions precedent for filing an action against Levy for sex discrimination based on Homier's suspension and discharge. Homier's discrimination charges, when construed liberally, and the OHRRD's reasonable cause determinations contain sufficient mention of the allegedly disparate treatment Homier received with regard to her suspension and termination to put Levy on notice. The Court finds the EEOC's claims that Levy suspended and later discharged Homier based on her sex "grow out of" and are "reasonably related" to the substance of her second and third discrimination charges. Levy is not entitled to summary judgment with respect to the EEOC's discrimination claims based on Homier's suspension and discharge.

**II. Homier's Sex Discrimination Claims**

Levy next argues Homier failed to administratively exhaust her sex discrimination claims that relate to her suspension and discharge. Levy notes that Homier checked only the box marked retaliation on her second and third discrimination charges.

Statements contained in the narrative section of a discrimination charge may provide sufficient notice of a plaintiff's discrimination charge. *See Hawkins v. Counseling Associates, Inc.*, 504 F. Supp. 2d 419, 435 (E.D. Ark. 2007). "A plaintiff may raise claims in his lawsuit which 'grow out of' or are 'like or reasonably related' to the administrative charges." *Philipp v. ANR Freight System, Inc.*, 61 F.3d 669, 676 (8th Cir. 1995) (quoting *Wentz v. Maryland Cas. Co.*, 869 F.2d 1153, 1154 (8th Cir. 1989)). In *E.E.O.C. v. Delight Wholesale Co.*, the Eighth Circuit stated:

> The permissible scope of an EEOC lawsuit is not confined to the specific allegations in the charge; rather, it may extend to any discrimination like or related to the substance of the allegations in the charge and which reasonably can be expected to grow out of the investigation triggered by the charge.

973 F.2d 664, 668 (8th Cir. 1992).

As recited above in the background section of this memorandum, Homier included allegations in both her second and

-10-

third discrimination charges that her male co-workers received marks and comments similar to the ones she received but were not suspended or discharged. The OHRRD claims it investigated Homier's second and third discrimination charges as allegations of sex discrimination as well as retaliation (Thompson Aff. ¶¶ 5, 7). Likewise, the EEOC treated Homier's second and third discrimination charges as alleging both sex discrimination and retaliation, as evidenced by its decision to include those claims in its complaint and amended complaint.

The Court finds Levy's summary judgment motion should be denied with respect to these claims because they "grow out of" and are "reasonably related" to the allegations contained in the narrative section of Homier's second and third discrimination charges and the OHRRD and EEOC investigations triggered by the charges.

### III. Adverse Employment Action

Finally, Levy argues that the EEOC's and Homier's claim that Levy discriminated against Levy based on her sex when it issued a verbal reprimand and eliminated the position of her assistant should be dismissed because these actions do not constitute adverse employment actions.

To make a prima facie case of discrimination under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff "must show (1) she was a member

of a protected class, (2) she was qualified for her job, (3) she suffered an adverse employment action, and (4) there are facts that give rise to an inference of gender discrimination." *Shaffer v. Potter*, 499 F.3d 900, 904-05 (8th Cir. 2007).  With respect to the adverse employment action element, a plaintiff must prove there was a "tangible change in duties or working conditions that constituted a material employment disadvantage." *Burchett v. Target Corp.*, 340 F.3d 510, 518 (8th Cir. 2003) (citations omitted).

The Court finds there are material issues of fact precluding summary judgment on the issue of whether the actions Homier complained of, issuance of a verbal reprimand and elimination of her assistant's position, constitute adverse employment action.  Levy's motion with respect to this claim will be denied.  Accordingly,

IT IS ORDERED that defendant's partial summary judgment (Filing No. 35) is denied.

DATED this 1st day of August, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court